UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

0.028 ACRES OF LAND, MORE OR LESS, SITUATED IN SEBASTIAN COUNTY, ARKANSAS; PRAIRIE LAND HOLDINGS, LLC; AND SEBASTIAN COUNTY TAX ASSESSOR ZACH JOHNSON; *ET AL.*,

    Defendants.

Case No. 2:19-cv-02049-PKH

## **STIPULATED FINAL JUDGMENT**

Plaintiff United States and Defendant Prairie Land Holdings, LLC ("Prairie Land"), hereby agree and stipulate, and the Court hereby ORDERS, ADJUDGES, AND DECREES as follows:

1. On or about April 16, 2019, the United States filed a Complaint in Condemnation (Dkt. No. 2) and a Declaration of Taking (Dkt. No. 3) in this eminent domain proceeding.

2. The Declaration of Taking provides for the United States acquiring a fee simple interest in certain land in Fort Smith, Arkansas, as described in the Declaration of Taking (hereinafter, the "Subject Property").

3. On or about April 26, 2019, the United States deposited $45,000.00 with the Court as an estimate of just compensation for the taking of the Subject Property (April 26, 2019 Text Only Financial Dkt. Entry). At the time of the deposit, title to the Subject Property, to the extent set forth in the Declaration of Taking, vested in the United States by operation of law. 40 U.S.C. § 3114(b).

4. At the time of taking, the United States was already in possession of the Subject Property pursuant to a lease (DTFASW-08-L-00020) between the Federal Aviation Administration and Prairie Land Holdings, LLC.

5. Prairie Land was the record owner of the Subject Property immediately prior to the deposit with the Court of the United States' estimate of just compensation.

6. Prairie Land has not withdrawn any portion of the deposited estimate of just compensation during the pendency of this action. Accordingly, the full deposited amount of $45,000.00, plus any applicable earned interest, remains in the Court's registry.

7. Defendant Sebastian County Tax Assessor Zach Johnson has disclaimed any interest in the proceeds of this case and requested that no further pleadings be served on him. *See* Dkt. No. 15, Exhibit A.

8. In order to resolve this condemnation proceeding, the parties agree that the just compensation payable by the United States for the taking of the Subject Property as described in the Declaration of Taking, together with all improvements thereon and appurtenances thereunto belonging, shall be the sum of $45,000.00 inclusive of interest, attorney's fees, and costs.

9. JUDGMENT shall be, and is hereby, entered against the United States in the amount of $45,000.00.

10. The said sum of $45,000.00 shall be full and just compensation and in full satisfaction of any and all claims of whatsoever nature against the United States by reason of the institution and prosecution of this action and taking of the Subject Property and estates described in the Declaration of Taking filed herein, together with all improvements thereon and appurtenances thereunto belonging.

11. The said sum of $45,000.00 shall be subject to all liens, encumbrances, and charges of whatsoever nature existing against the Subject Property at the time of vesting of title thereto in the United States and all such taxes, assessments, liens, and encumbrances shall be payable and deductible from said sum.

12. Prairie Land warrants that it has the exclusive right to compensation herein and that no other person or entity is entitled to the same or any part thereof. In the event that a court of competent jurisdiction determines that any other entity to have any right to receive compensation for the Subject Property taken in this case, Defendants shall refund into the Registry of the Court the compensation distributed herein, or such part thereof as the Court may direct, with interest thereon calculated in accordance with the provision of 40 U.S.C. § 3116, from the date of the receipt of the deposit by Prairie Land to the date of repayment into the Registry of the Court.

13. The parties shall be responsible for their own legal fees, costs, and expenses (including attorney's fees, consultant's fees, expert fees, transcript costs, and any other expenses relating to this litigation).

14. The Clerk of the Court shall disburse the total deposited amount of $45,000.00, along with any interest earned thereon while on deposit, by issuing a check payable to Prairie Land Holdings, LLC, and mailing the check to:

Prairie Land Holdings, LLC
4611 Rogers Avenue, Suite 201
Fort Smith, Arkansas 72903

15. Following disbursement of the funds to Prairie Land Holdings, LLC, as described in paragraph 14 above, the case shall be **CLOSED**.

16. The United States shall have the right immediately to possess the Subject Property, and possession is hereby transferred to the United States.

17. This Stipulated Final Judgment may be signed in counterparts.

**IT IS SO ORDERED:**

Dated this ___8th___ day ___August___, 2019.

_____
Hon. P.K. Holmes III
UNITED STATES DISTRICT JUDGE

THE UNDERSIGNED STIPULATE THAT THEY CONSENT TO THE ENTRY OF THE PRECEDING FINAL JUDGMENT:

ON BEHALF OF THE UNITED STATES OF AMERICA:

DUANE (DAK) KEES
United States Attorney
Western District of Arkansas

*/s/ Mark W. Webb*

MARK W. WEBB (AR Bar No. 77141)
Assistant United States Attorney
414 Parker Avenue
Fort Smith, AR 72901
(479) 494-4060
mark.webb@usdoj.gov

JEFFREY BOSSERT CLARK
Assistant Attorney General

*/s/ Miles H. Plant*

MILES H. PLANT (NY Bar No. 4901583)
DEVIN A. WOLAK
Trial Attorneys
United States Department of Justice
Environment & Natural Resources Division
Land Acquisition Section
P.O. Box 7611 – Ben Franklin Station
Washington, DC 20044-7611
(202) 305-0284
miles.plant@usdoj.gov
devin.wolak@usdoj.gov


ON BEHALF OF PRAIRIE LAND HOLDINGS, LLC:

*/s/ Rayburn W. Green*

RAYBURN W. GREEN
MAX R. DEITCHLER
Kutak Rock, LLP
234 East Millsap Road
Suite 200
Fayetteville, AR 72703
(479) 973-4200
ray.green@kutakrock.com
max.deitchler@kutakrock.com

5